THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERMAN GROSS, Appellant.

First Department, June 24, 1927.

**Crimes — robbery, first degree — evidence sustains verdict of conviction — trial — length of trial and extended colloquy between court and counsel criticised — length of discussion between court and counsel, mostly irrelevant, did not prejudice defendant.**

The verdict of the jury convicting the defendant of robbery in the first degree as a second offender is sustained by the evidence.

This action is a simple robbery case which should have been disposed of in a day or two but which was on trial from the 22d day of May, 1925, to the 4th day of June, 1925, and the record on appeal contains 938 pages of printed matter. The Appellate Division criticises the conduct of the trial resulting in an enormous record and the waste of time, energy and money, and states that there is a constant recurrence of similar conditions in the trial of cases, which practice is not confined to any particular judge.

While there were extensive and frequent conversations and discussions between the court and counsel, said conversations were on the whole useless and irrelevant, and while they burden the record, were not harmful or prejudicial to the defendant's rights and did not deprive the defendant of a fair trial.

APPEAL by the defendant, Herman Gross, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 23d day of June, 1925, convicting him of the crime of robbery in the first degree as a second offense.

*Leonard A. Snitkin* of counsel [*Leo H. Klugherz* with him on the brief], for the appellant.

*Robert C. Taylor, Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PER CURIAM. The defendant was tried before the court and a jury and was convicted of the crime of robbery in the first degree as a second offense. He was sentenced to a term of twenty-two years in a State prison.

The indictment was in the usual form and contained four counts, charging the defendant with robbery in the first degree as a second offense, grand larceny, assault, and criminally receiving stolen property. The first count only was submitted to the jury.

The defendant was charged with the robbery of the jewelry store of the complaining witness, Mr. Seymour M. Selig, located at the southwest corner of Ninety-fifth street and Broadway in the city of New York.

Mr. Selig testified that on April 29, 1924, the defendant, with an accomplice, entered and robbed his store. The robbers ordered him to put up his hands and to go to a balcony above the store floor, where Selig and his employees were tied. While so bound, jewelry of the value of $20,000 was stolen.

After taking the jewelry, the robbers went out on West Ninety-fifth street and were again observed from the balcony by the complainant, who fired a shot at them. They escaped by automobile. The defendant was not arrested until July 7, 1924, two months and nine days thereafter. Mr. Selig immediately identified the defendant as one of the robbers.

Two issues were litigated upon the trial: (1) identification; and (2) an alibi. The jury passed upon the evidence which resulted in a finding that the identification by the complainant and his witnesses was accurate and that the evidence of the alibi was false. We believe the verdict is sustained by the evidence.

This was a simple robbery case. There were no intricate or difficult questions involved. The issues should have been tried and the case disposed of in a day or two. The trial was commenced on the 22d day of May, 1925, and was not ended until the 4th day of June, 1925. The record contains 938 pages of printed matter. The frequency with which these large records in very simple cases have recently come to this court, filled to a great extent with irrelevant colloquy between the court and counsel, makes it necessary that something should be said so that the practice may be avoided in the future.

The appellant complains of the long examination of witnesses by the court and the constant interruption of the trial by a discussion of the evidence in the presence of the jury. It is contended that such examination and discussion resulted in an unfair trial.

An examination of the record clearly indicates that in most

instances the statements of the court were not serious, and although voluble, not harmful. Those taking part in the numerous discussions appear to have been attempting to excel each other in useless and irrelevant conversation.

If such prolonged trials were in the interest of justice and not such a waste of time, energy and money, necessitating the expenditure of large sums in printing an enormous record, we would be willing to overlook the matter, but such a constant recurrence of such conditions requires that it be called to the attention of the trial judges for the reason that the practice is not confined to any particular judge. Such a course results in useless, though apparently reasonable, grounds for appeals. Although a court should not unduly speed a trial, to require several days or two weeks to dispose of a simple case is resorting to another extreme and does not aid in the administration of the criminal law.

We are of the opinion that the other points raised by the appellant are not sustained by the facts. The identification of the defendant by his photograph in the Rogues' Gallery was made the day after the robbery, although the defendant was not apprehended for more than two months thereafter, and the alibi appears to be, as the jury no doubt found, an afterthought based wholly upon false or mistaken testimony.

The judgment of conviction, therefore, should be affirmed.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

O'MALLEY, J. (concurring). I agree with what is said respecting the unwarranted size of the record and the undue length of the trial. But I am less concerned with such features than with the more important question of whether the manner in which this trial was conducted accorded the defendant the fair trial to which he was entitled under the law. Notwithstanding the evidence fully warranted his conviction, sufficient alleged prejudicial matter is contained in the record to afford at least a basis of appeal. To affirm here, it is necessary, I think, that we do so under the provisions of section 542 of the Code of Criminal Procedure.

McAVOY, J., concurs.

Judgment affirmed.